# Third District Court of Appeal

## State of Florida

Opinion filed September 30, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-0216
Lower Tribunal Nos. 18-11021 CC & 20-200 AP
_____

**Yadira Borges and Ernesto Borges**,
Appellants,

vs.

**Citizens Property Insurance Corporation**,
Appellee.

An Appeal from the County Court for Miami-Dade County, Luis Perez-Medina, Judge.

Giasi Law P.A., and Melissa A. Giasi and Erin M. Berger (Tampa), for appellants.

Kelley Kronenberg, P.A., and Kimberly J. Fernandes (Tallahassee), for appellee.

Before SCALES, LINDSEY and LOBREE, JJ.

PER CURIAM.

Affirmed.  See E. Fla. Hauling, Inc. v. Lexington Ins. Co., 913 So. 2d

673, 678 (Fla. 3d DCA 2005) (affirming summary judgment in favor of insurer where insured "failed to present evidence demonstrating that there is a genuine issue of material fact as to whether an exception to the exclusion exists"; "Once the insured shows coverage, the burden shifts to the insurer to prove an exclusion applies to the coverage.  If there is an exception to the exclusion, the burden once again is placed on the insured to demonstrate the exception to the exclusion." (citation omitted)); Fla. Windstorm Underwriting v. Gajwani, 934 So. 2d 501, 506 (Fla. 3d DCA 2005) (reversing summary judgment in favor of insureds and holding that where insureds "did not offer any evidence to support an exception to the unambiguous exclusion in the policy, they clearly did not meet their burden" on summary judgment); Empire Pro Restoration, Inc. v. Citizens Prop. Ins. Corp., 322 So. 3d 96, 98 (Fla. 4th DCA 2021) (holding trial court did not err in its application of burden-shifting framework in granting summary judgment for insurer where insurer "established that an exclusion applied as the loss occurred due to rain causing water damage to the interior of the home" and insured failed to offer evidence that an exception to the exclusion "precipitated the interior rain damage").